**In re MONUMENT ROOFING & SHEET METAL CORP., Debtor.**

**FIRST VERMONT BANK & TRUST COMPANY, Plaintiff,**

v.

**MONUMENT ROOFING & SHEET METAL CORPORATION, Defendant.**

**Bankruptcy No. 83–00071.**
**Adv. No. 83–0100.**

United States Bankruptcy Court, D. Vermont.

Oct. 7, 1983.

James B. Anderson, Barre, Vt., for First Vermont Bank and Trust Co.

Leslie Couch, Albany, N.Y., for debtor.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This matter came on for hearing on the Motion of First Vermont Bank and Trust Company for a Preliminary Injunction to enjoin the Debtor-in-Possession from removing certain assets from the State of Vermont.

Martin E. Keller, president and executive officer of the Debtor, was improved as a witness, and from his examination the following facts were established:

The Debtor, who filed a Petition for Relief under Chapter 11, was an ongoing concern and as of September 30, it shut down its operation and laid off all of its employees except one. At that time the total number was ten.

In addition, Keller is a principal in the Debtor corporation and has a financial interest in other corporations.

It has been the practice in the past to exchange equipment for use between or among other corporations operated by the Debtor. In this particular case, the Debtor caused to be removed from its premises in Bennington, Vermont certain equipment to be operated by the Keller Roofing Corporation in Whitehall, New York.

When these items of equipment were removed they were charged out by tally sheets from the possession of Monument Roofing & Sheet Metal Corp. and charged in at the corporation where they were to be put to use. They were still considered as part of the assets of the Debtor corporation. As a matter of fact, as of the date of the hearing, a large and expensive piece of equipment had been charged out of the Keller Corporation and was being used by the Debtor.

It is undisputed that there was no intent on the part of the Debtor to remove the property from the State of Vermont so that it would not be available secured property in which the First Vermont Bank and Trust Company has a security interest.

The Debtor was instructed to furnish the First Vermont Bank and Trust Company with an inventory of the physical property which is subject to a security interest in favor of the First Vermont Bank and Trust Company.

## ORDER

Now, therefore, upon the foregoing,

IT IS ORDERED that the Motion of the First Vermont Bank and Trust Company for a preliminary injunction is DENIED.